UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MUNIQUE SANTOS and<br>FRANCIS VIANA,<br><br>        Petitioners,<br><br>        v.<br><br>L. FRANCIS CISSNA,<br>Director, United States<br>Citizenship and<br>Immigration Services;<br>KEVIN MCALEENAN,<br>Secretary, Department of<br>Homeland Security;<br>WILLIAM BARR,<br>United States<br>Attorney General;<br>DENIS RIORDAN,<br>Boston Director,<br>United States Citizenship<br>and Immigration<br>Services; and<br>CHRIS CRONEN,<br>Boston Field Office<br>Director, Immigration and<br>Customs Enforcement,<br><br>        Respondents.[1] | CIVIL ACTION<br>NO. 18-12232-WGY |

YOUNG, D.J.                                                                 April 18, 2019

**ORDER**

On October 25, 2018, Francis Viana ("Viana") and Munique Santos, his wife, (collectively, the "Petitioners") filed a

---

[1] The Court substitutes the following respondents pursuant to Federal Rule of Civil Procedure 25(d): L. Francis Cissna for James McCament; Kevin McAleenan for Kirstjen Nielsen; and William Barr for Jefferson Sessions.

petition for writs of habeas corpus and mandamus and a motion for a preliminary injunction and a temporary restraining order seeking a stay of Viana's removal and release from detention at the Plymouth County, Massachusetts Correctional Facility. See Pet. Writs Emergency Habeas Corpus, Mandamus & Compl. Declaratory & Inj. Relief 4, 6 ("Pet."), ECF No. 1. The petition named as respondents James McCament, listed as the Director of United States Citizenship and Immigration Services; Kirstjen Nielsen, then-Secretary of the Department of Homeland Security; Jefferson Sessions, then-United States Attorney General; Denis Riordan, Boston Director of United States Citizenship and Immigration Services; and Chris Cronen, Boston Field Office Director of Immigration and Customs Enforcement (collectively, the "Respondents"). Id. at 1.

On January 2, 2019, the Respondents moved to dismiss the petition for lack of subject matter jurisdiction and failure to state a claim. Resp'ts' Mot. Dismiss Pet., ECF No. 8. The parties fully briefed that motion. Resp'ts' Mem. Supp. Mot. Dismiss ("Resp'ts' Mem."), ECF No. 9; Pet'rs' Opp'n Resp'ts' Mot. Dismiss ("Pet'rs' Opp'n"), ECF No. 15. The Court heard the motion on February 7, 2019 and took the motion under advisement. Electronic Clerk's Notes, ECF No. 17. In the meantime, the Court ordered the Respondents not to remove Viana from the District of Massachusetts. Id.

[2]

On February 21, 2019, the Petitioners moved for Viana's release from custody, alleging that the Respondents had detained Viana for more than six months without him having "his detention reviewed under the common law and as a matter of constitutional right." Pls.' Mot. Custody Release Supp. Habeas Corpus Pet. ("Release Mot.") ¶ 15, ECF No. 18. The Respondents opposed this motion on March 6, 2019. Resp'ts' Mem. Opp'n Pet'rs' Mot. Release ("Opp'n Release Mot."), ECF No. 19.

After careful consideration of the parties' arguments, the Court GRANTS the Respondents' motion to dismiss, ECF No. 8, because this Court lacks subject matter jurisdiction over the Petitioners' attempt to stop Viana's reinstated prior order of removal.[2] See 8 U.S.C. § 1252(b)(9),(g); see also Tejada v. Cabral, 424 F. Supp. 2d 296, 298 (D. Mass. 2006) ("One thing the REAL ID Act certainly did do, however, was emphatically to declare that this Court was not in any way to impede orders of removal." (citing 8 U.S.C. § 1252(a)(2)(C))). The Court acknowledges that another session of this Court has reasoned that the Suspension Clause requires district courts to exercise

---

[2] The Respondents submitted an affidavit averring, under penalty of perjury, that Immigrations and Customs Enforcement properly reinstated Viana's prior order of removal. Resp'ts' Mem. ¶¶ 8, 9; Decl. Alan Greenbaum, Ex. 6, ¶¶ 14-15, ECF No. 9-1; see also Resp'ts' Mem. Opp'n Pet'rs' Mot. Release 3. The Petitioners do not controvert the propriety of the reinstatement of the prior order. See generally Pet.; Pet'rs' Opp'n; Pls.' Mot. Custody Release Supp. Habeas Corpus Pet.

[3]

habeas corpus jurisdiction where a petitioner alleges that Immigrations and Customs Enforcement failed to exercise its discretion in deciding to execute a removal order. See Jimenez v. Nielsen, 334 F. Supp. 3d 370, 385 (D. Mass. 2018) (Wolf, J.). Judge Wolf explained that this exception applies if the petitioner's claim is colorable. Id. (citing Accardi v. Shaughnessy, 347 U.S. 260, 268 (1954)).

Here, accepting Judge Wolf's analysis for the purposes of this motion, the Petitioners do not lodge a colorable claim and thereby fail to establish this Court's jurisdiction. The Court construes the petition to assert that Viana seeks a provisional unlawful presence waiver, Pet. ¶ 18, and an adjustment of status, id. ¶ 22a. Yet section 212.7(e)(4)(v) of the Code of Federal Regulations clearly states that:

> [A]n alien is ineligible for a provisional unlawful presence waiver . . . if . . . CBP or ICE, after service of notice under 8 CFR 241.8, has reinstated a prior order of removal under section 241(a)(5) of the Act, either before the filing of the provisional unlawful presence waiver application or while the provisional unlawful presence waiver application is pending.

8 C.F.R. § 212.7(e)(4)(v). The Petitioners fail to allege that Viana filed a provisional unlawful presence waiver before Immigration and Customs Enforcement reinstated his prior order of removal. See Pet'rs' Opp'n 12 (stating that Petitioners are "requesting DHS to reconsider the Reinstatement of Removal in order to apply for relief while in the United States"); see

[4]

generally Pet. Consequently, the plain terms of the regulation make clear, beyond all doubt, that Viana cannot apply for a provisional unlawful presence waiver. See 8 C.F.R. § 212.7(e)(4)(v).

The Petitioners also posit that Viana may apply to adjust his status under section 240A(b) of the Immigration and Nationality Act, 8 U.S.C. § 1229b. Pet'rs' Opp'n 12. The Petitioners' position is untenable, however, in light of section 1231(a)(5) of chapter 8 of the United State Code, which states that an alien with a reinstated final order of removal "is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry." What's more, the very same provision states that a reinstated final order "is not subject to being reopened or reviewed." Id. Accordingly, the Petitioners lack a colorable claim that the Respondents failed to exercise their discretion because the relevant statutes and regulations foreclosed any discretion with regard to the identified forms of relief that Viana purports to seek.

Therefore, this Court (1) GRANTS the Respondents' motion to dismiss for lack of subject matter jurisdiction, ECF No. 8;[3] (2)

---

[3] This Court thus does not address the Respondents' argument that they considered Viana's individualized characteristics before reinstating his removal order, except to note that accusations of criminal conduct do not constitute proof that a

DENIES the Petitioners' motion for release, ECF No. 18, because, even though the Court has subject matter jurisdiction over habeas corpus petitions challenging prolonged immigration detention, Viana's removal is "reasonably foreseeable" considering that he is not entitled to relief, see Zadvydas v. Davis, 533 U.S. 678, 688, 701 (2001); and (3) VACATES its order that Viana not be removed, ECF No. 17.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE

---

person committed a crime. See Resp'ts' Mem. 5, 13; & Decl. Alan Greenbaum ¶ 24. The Court observes that a criminal defendant's right to clear his name militates against removal prior to his ability to defend himself in court. See U.S. Const. amends. VI, XIV.